# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0145V
Filed: September 5, 2018
UNPUBLISHED

| | |
|---|---|
| DEBRA VIZZI,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On January 31, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS"), deep vein thrombosis, and exacerbation of her depressive disorder caused-in-fact by the influenza vaccination she received on September 21, 2015. Petition at 1, ¶¶ 2, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On June 12, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her GBS. On September 5, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $194,598.32, representing $190,000.00 for pain and suffering and $4,598.32 for past out of pocket medical expenses. Proffer at 1. In the Proffer, respondent represented that petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $<u>194,598.32</u>, representing $190,000.00 for pain and suffering and $4,598.32 for actual unreimbursable expenses in the form of a check payable to petitioner, Debra Vizzi.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBRA VIZZI,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 17-145V<br>Chief Special Master Dorsey<br>ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

### I.      **Items of Compensation**

On June 8, 2017, respondent filed a Rule 4(c) report indicating that he would not contest entitlement to compensation under the terms of the Vaccine Act. On June 12, 2017, Chief Special Master Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Guillain Barre Syndrome. Based upon the evidence of record, respondent proffers that petitioner should be awarded $194,598.32. The award is comprised of the following: $190,000.00 for pain and suffering, and $4,598.32 for past out of pocket medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.     **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$194,598.32**, in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*s/ Alexis B. Babcock*
ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-7678

Dated:  September 5, 2018

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.